UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCELLUS CHRISTOPHER OVERTON,

    Petitioner,

v.

Case No. 24-cv-12553
HON. MARK A. GOLDSMITH

ERIC RARDIN,

    Respondent.
_____/

**OPINION & ORDER (i) DENYING THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 (Dkt. 1) (ii) GRANTING THE MOTION FOR LEAVE TO AMEND REPLY (Dkt. 12), (iii) DENYING CERTIFICATE OF APPEALABILITY (iv) GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS; (v) AND DENYING AS MOOT PETITIONER'S MOTION FOR SUMMARY JUDGMENT**

Petitioner Marcellus Christopher Overton is a federal prisoner under the custody of the U.S. Bureau of Prisons (BOP).[1] Petitioner filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Pet. (Dkt. 1). He describes the relief he seeks as follows:

> 1) I would like for this court to order the BOP to change my FSA status to eligible, 2) calculate and grant to me each credit starting from Jan. 5, 2021 when I was sentenced, 3) In addition to FSA and FTC grant or order to be granted 12 months of Second Chance Act credits. Apply all credits to prereleased custody, [illegible] confinement or supervised release, grant immediate release. Order the removal of the violent classification in my file. 4) if this Court sees fit, order a hearing. 5 ) appoint an attorney.

Pet. at PageID.9 (punctuation modified).

For the reasons explained below, the Court denies the petition.

---

[1] At the time he filed his Petition, Petitioner was incarcerated at the Federal Correctional Center (FCI) in Milan, Michigan, thus conferring jurisdiction in this district. 9/27/24 Order of Transfer. (Dkt. 2). Now, Petitioner is incarcerated at the Residential Reentry Management (RRM) Pittsburgh. https://perma.cc/DR6B-VNG4.

I. BACKGROUND

In 2018, Petitioner pleaded guilty to conspiracy to commit sex trafficking of a minor under 18 U.S.C. §§ 1594(c), 1591(a), (b)(2) and (c) and was sentenced to 90 months in prison. See United States v. Overton, No. 1:15-cr-00009-001 (W.D.N.Y.). The Second Circuit affirmed Petitioner's conviction on appeal. United States v. Overton, 24 F.4th 870, 872 (2d Cir. 2022); cert. den. 143 S.Ct. 155 (2022). Petitioner then filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, which the trial court denied. Overton v. United States, No. 15-CR-9S, 2023 WL 3751903 (W.D.N.Y. June 1, 2023); appeal dismissed No. 23-6852 (2nd Cir. Dec. 23, 2023).

Petitioner argues in his petition that the BOP informed him that he was ineligible to receive credits under the First Step Act (FSA). He asks this Court to award him FSA time credits.[2] He further asks this Court to order the BOP to release him to prerelease custody.[3]

In his Answer, Respondent argues that Petitioner failed to exhaust his administrative remedies for his claims. Resp. at PageID.38. Respondent argues that, alternatively, Petitioner's request should be denied on the merits because Petitioner has not yet earned enough FTCs to earn prerelease custody. Id. Respondent concedes that the BOP at first erroneously determined that Petitioner was ineligible to receive FSA credits. The BOP has since recognized its error and

---

[2] "[T]the BOP implements that time-credit system by allowing a prisoner to 'begin [his] term of supervised release at an earlier date' once he 'has earned time credits ... in an amount that is equal to the remainder of [his] term of imprisonment.'" Hargrove v. Healy, No. 24-3809, 2025 WL 2612003, at *3 (6th Cir. Sept. 10, 2025) (citing 18 U.S.C. § 3624(g)).

[3] Title 18 U.S.C. § 3624(c) governs prerelease custody, stating in relevant part that the BOP implements a system to ensure that "a portion of the final months" of a prisoner's prison term "afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community."

corrected that determination.[4] Petitioner's full term expires on May 19, 2028. Decl. of Allison-Love at ¶ 3, PageID. 49–50 (Dkt. 10-2).

Under separate legislation, the Second Chance Act (SCA), the BOP must consider placing an inmate in a residential reentry center for up to one year of his sentence. See 18 U.S.C. § 3624(c). Here, having considered its authority under the SCA, the BOP submitted a referral for Petitioner and recommended that he be placed in a halfway house on January 6, 2025. Allison-Love Decl., at ¶ 5, Att. 3, at PageID.50, 59 (Dkt. 10-2).

In his reply, Petitioner argues that exhaustion should be excused because it is futile for him to do so. He further argues that since the BOP acknowledged that he was eligible to be placed in a halfway house on January 6, 2025, this Court should order his immediate release to a halfway house because the placement date has passed.

## II. ANALYSIS

### A. Motion for Leave

As an initial matter, Petitioner filed a motion to amend his reply brief. (Dkt. 12). "A court does not need to grant a habeas petitioner an extension of time to file a reply brief unless it would 'assist the Court in a fair disposition of the matter.'" Rush v. Winn, No. 2:20-CV-11540, 2021 WL 1904498, at *5 (E.D. Mich. May 12, 2021) (citing Williams v. White, 183 F. Supp. 2d 969, 979 (E.D. Mich. 2002)). Petitioner already filed a reply brief. (Dkt. 11). The Court accepts the

---

[4] Allison-Love's declaration explains that 365 of Petitioner's earned FSA time credits (FTCs) were applied to arrive at Petitioner's projected release date, which is April 11, 2026, via FSA release. Decl. of Allison-Love at ¶3 (Dkt. 10-2). From there, his remaining 280 earned FTCs (as of December 1, 2024) apply toward his early transfer to prerelease custody. Id. Because the projected placement date can change as an inmate earns more FTCs, for planning purposes only, the BOP calculates an FSA conditional placement date that accounts for future FTCs that may be earned in a best-case scenario. Id., ¶ 4. Petitioner's FSA conditional placement date was May 6, 2025. Id.

3

reply brief because it believes it could assist the Court in a fair disposition of the matter. Therefore, the motion is granted and the reply is accepted. (Dkt. 12).

    B. Petition

        1. **Exhaustion**

Federal inmates are normally required to exhaust administrative remedies for their claims before filing a § 2241 habeas corpus petition. Luedtke v. Berkebile, 704 F.3d 465, 466 (6th Cir. 2013). Petitioner concedes that he did not exhaust his administrative remedies for his claims, stating: "There was no written response given, therefore the administrative remedy had not reached any levels of appeal." Id. at PageID.4.

The Sixth Circuit has indicated that "the habeas exhaustion requirement is not without exception," nor "statutorily required." Fazzini v. Northeast Ohio Corr. Ctr., 473 F.3d 229, 235–236 (6th Cir. 2006). For example, if a petitioner can show that "pursuit of administrative remedies would be futile, then it would excuse his failure to exhaust." Wheeler v. Williams, No. 20-4037, 2021 WL 6071501, at *2 (6th Cir. Dec. 20, 2021). However, because Petitioner's claims have no merit, the Court will excuse his failure to exhaust and proceed to address the merits of his claims. See Brown v. United States, No. 09-12936, 2009 WL 3388644, at *1 (E.D. Mich. Oct. 19, 2009) (excusing procedural errors and proceeding to the merits of the claim).

        2. **Merits Analysis**

A petition for writ of habeas corpus filed by a federal inmate under 28 U.S.C. § 2241 is proper where the inmate is challenging the manner in which his or her sentence is being executed. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998). Petitioner's application is properly brought under Section 2241 because he is challenging the manner in which his sentence is being executed.

Eligible federal inmates, those whose convictions do not exclude them from receiving First Step Act benefits, may earn FTCs. An eligible inmate can earn 10 FTCs "for every 30 days of successful participation in evidence-based recidivism reduction programming or productive activities." 18 U.S.C. § 3632(d)(4)(A)(i). An inmate can earn an additional 5 FTCs during those 30 days if (i) his or her recidivism-risk rating is minimum or low and (ii) his or her risk of recidivism has not increased for two consecutive recidivism assessments by the BOP. 18 U.S.C. § 3632(d)(4)(A)(ii); See also 28 C.F.R. § 523.42(c)(2). A federal prisoner may lose earned FTCs for violating the requirements or rules of programs or as a sanction for a prohibited act. 28 C.F.R. § 523.43(a).

A maximum of 365 days of FTCs may be applied towards a prisoner's early transfer to supervised release, basically shortening their sentence by up to one year. 18 U.S.C. § 3624(g)(3); 28 C.F.R. § 523.44(d). Eligible prisoners may have any remaining FTCs applied towards early transfer to pre-release custody, either in a residential reentry center or home confinement. 28 C.F.R. § 523.44(c).

Because certain requirements must be met before FTCs can be applied toward an inmate's sentence, the BOP makes a distinction between "earned" FTCs and "applied" FTCs. For earned FTCs to be applied to a sentence, an eligible prisoner must have (i) earned FTCs in an amount equal to his or her remaining term of imprisonment, (ii) shown through periodic risk assessments, a demonstrated reduction in recidivism risk or maintaining a low or minimum risk during his or her incarceration, and (iii) had the remainder of his term computed under applicable law. 18 U.S.C. § 3624(g)(1); 28 C.F.R. §§ 523.44(b)–(d). Only "earned" FTCs "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(C).

5

In addition to the FTCs, the BOP also assesses each inmate individually under the SCA to determine whether they might qualify for up to 365 additional days of early transfer to prerelease custody. The SCA give the BOP the authority to determine an inmate's eligibility for residential re-entry center (RRC) placement. See SCA of 2008, Pub. L. No. 110-199, § 251(a), 122 Stat. 657, 692–693 (April 9, 2008), 18 U.S.C. § 3624(c). The SCA provides that the BOP shall "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c).

The decision to place an inmate in pre-release community confinement under the SCA is discretionary and will be "determined on an individual basis" according to the five factors contained in 18 U.S.C. § 3621(b)—known as "five factor review." 73 Fed. Reg. 62, 440, 441–442 (Oct. 21, 2008). These factors include: (i) the resources of the facility contemplated; (ii) the nature and circumstances of the offense; (iii) the history and characteristics of the prisoner; (iv) any statement by the court that imposed the sentence; and (v) any pertinent policy statement issued by the Sentencing Commission. See 18 U.S.C. § 3621(b).

As an initial matter, inmates have no right under the federal constitution to earn or receive sentencing credits. See Moore v. Hofbauer, 144 F. Supp. 2d 877, 882 (E.D. Mich. 2001) (citing Hansard v. Barrett, 980 F.2d 1059, 1062 (6th Cir. 1992)). Additionally, a federal prisoner does not have a constitutionally protected liberty interest in earning future sentence credits. See Sotherland v. Myers, 41 F. App'x 752, 753 (6th Cir. 2002).

Similarly, in Fiorito v. Fikes, No. 22-CV-0749 (PJS/TNL), 2022 WL 16699472, at *6 (D. Minn. Nov. 3, 2022), the court referred to FSA time credits "are not a general entitlement. Instead,

6

federal inmates are merely afforded the <u>opportunity</u> to earn FTCs by participating in recidivism-reduction programming." (emphasis original). The court explained:

> The general rule that the loss of an opportunity to earn a reduction in sentence does not amount to infringement of a protected liberty interest makes particular sense in the context of [FSA time credits], as the opportunity to participate in recidivism-reduction programming can be lost for several reasons, including reasons having nothing to do with the conduct or blameworthiness of the prisoner. For example, a prisoner who is temporarily transferred from the custody of the BOP to a non-BOP facility to testify at trial, <u>see</u> 28 U.S.C. § 2241(c)(5), would be unable to successfully participate in BOP recidivism reduction programming during the time that the prisoner remained outside the custody of the BOP, <u>see</u> 28 C.F.R. § 523.41(c)(4)(iii). The same would be true of a prisoner who is transferred to a hospital for extended treatment of a serious medical need. <u>See id</u>. § 523.41(c)(4)(ii). The statute and accompanying regulations betray no expectation that [FSA time credits] could reasonably be regarded as an entitlement, rather than as a benefit that a prisoner might or might not be able to earn at various times during his detention. This is too flimsy an expectation to give rise to a protected liberty interest.

<u>Id.</u>

Other courts have reached the same conclusion. See <u>White v. Warden</u>, No. CV DKC-22-2371, 2023 WL 4867562, at * 10 (D. Md. July 31, 2023) (discussing the holding in <u>Fiorito</u> and stating that its "analysis is sound"); <u>Gant v. King</u>, No. 23-CV-1766 (NEB/ECW), 2023 WL 6910771, at * 3 (D. Minn. Oct. 19, 2023) ("Given the contingent nature of the application of FSA time credits to prerelease custody, they cannot reasonably be regarded as an entitlement.").

Likewise, "[T]he Second Chance Act does not guarantee a one-year RRC placement, but only directs the BOP to consider placing an inmate in a RRC for up to the final twelve months of his or her sentence." <u>Lovett v. Hogsten</u>, No. 09-5605, 2009 WL 5851205, at *2 (6th Cir. Dec. 29, 2009); <u>See</u> also <u>Demis v. Sniezek</u>, 558 F.3d 508, 513–14 (6th Cir. 2009). Stated differently, the SCA does not confer a liberty interest to placement in an RRC. See <u>Heard v. Quintana</u>, 184 F. Supp. 3d 515, 520–521 (E.D. Ky. 2016). "RRC placement and home confinement are helpful resources for readjustment to society, but a (sic) prisoners do not have a constitutionally protected right to serve the final twelve months of his sentence in either a RRC or in home confinement.

7

Again, the SCA only requires the BOP to consider placing an inmate in an RRC or in home confinement for up to twelve-months. It does not automatically entitle, or guarantee, any prisoner such placement for twelve months." Id. at 520 (emphasis original).

As an initial matter, Petitioner's claim that the BOP refused to find him eligible to receive FSA credits has been mooted by the fact that the BOP has now acknowledged that Petitioner is eligible to receive these credits and he has, in fact, been awarded the credits, which has accelerated his pre-release date. See Inniss v. Hemingway, 657 F. Supp. 3d 986, 988 (E.D. Mich. 2023).

Secondly, Petitioner is not entitled to immediate release to pre-release custody pursuant to the First Step Act because his conditional placement date under the FSA was until May 6, 2025.

Finally, Petitioner is not entitled to immediate release simply because he was not released on his SCA conditional placement date of January 6, 2025. "[T]he Second Chance Act does not guarantee a one-year RRC placement," Lovett v. Hogsten, 2009 WL 5851205, at *2, nor does it grant a federal inmate the "constitutionally protected right to serve the final twelve months of his sentence in either a RRC or in home confinement." Heard, 184 F. Supp. 3d at 520. The fact that Petitioner has not yet been released pursuant to the SCA to a residential reentry center or to a halfway house does not entitle him to habeas relief.

C. Summary Judgment Motion

Petitioner filed a motion for summary judgment. (Dkt. 13). Because the Court denies the Petition, the motion for summary judgment is denied as moot.

### III. CONCLUSION

It is ordered that the petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2241 is denied with prejudice. Because a certificate of appealability is not needed to appeal the denial of a habeas petition filed under § 2241, Witham v. United States, 355 F. 3d 501, 504 (6th

8

Cir. 2004), Petitioner need not apply for one with this Court or with the Sixth Circuit before filing an appeal from the denial of his habeas petition.

The Court grants Petitioner leave to appeal in forma pauperis because an appeal could be taken in good faith. See Foster v. Ludwick, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). The motion for leave to amend the reply brief (Dkt. 12) is granted.

**SO ORDERED.**

Dated: September 29, 2025       s/Mark A. Goldsmith  
Detroit, Michigan      MARK A. GOLDSMITH  
     United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 29, 2025.

     s/Joseph Heacox  
     JOSEPH HEACOX  
     Case Manager